Before MILLER, WEICK and O'SULLIVAN, Circuit Judges.

**Charles THORNBERRY, Plaintiff-Appellant,**

v.

**BUCHANAN COUNTY COAL CORPORATION, Defendant-Appellee.**

No. 15206.

United States Court of Appeals Sixth Circuit.

Oct. 11, 1963.

PER CURIAM.

Defendant purchased *all* of the coal in the Clintwood seam in land owned by plaintiff. The deed of conveyance therefor also granted mining rights but "to be exercised so as not to interfere unnecessarily with the mining of other seams" by plaintiff.

In removing the coal which defendant purchased, overlying seams of coal located on plaintiff's land were deprived of support and collapsed.

It was the claim of plaintiff that defendant should have left in place sufficient coal to provide pillars to support the overlying seams. Plaintiff's witness, Cecil Ramey, estimated that from 40 to 50% of the coal in the Clintwood seam would be required to support the overlying strata. We do not construe the deed of conveyance as imposing any such obligation on the defendant.

The proof at the trial disclosed that defendant conducted its mining operations in the usual manner. There was no evidence of negligence or that defendant

did anything not necessary in normal mining operations. If plaintiff desired to retain support for his overlying seams of coal, he should have provided for it in plain language in the deed of conveyance. The defendant might not have been willing to pay for all of the coal in the Clintwood seam if only half of it could be removed.

In our opinion, the District Court was correct in dismissing the complaint at the close of plaintiff's evidence.

The judgment of the District Court is affirmed.